# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **K.J. and L.J.**

**No. 17-0329** (Mercer County 16-JA-061-MW & 16-JA-062-MW)

**FILED**

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father S.J., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's January 13, 2017, order terminating his parental, custodial, and guardianship rights to K.J. and L.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental, custodial, and guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2016, the DHHR filed an abuse and neglect petition against the parents that alleged K.J. had twice been admitted to the hospital over concerns that he ingested ADHD medication. The mother additionally informed the DHHR that petitioner and his family were substance abusers, although she admitted that she left L.J. in his care while seeking medical treatment for K.J. After K.J. was discharged from the hospital, the DHHR requested that the parents bring the child to its offices because of the child's general hygiene, including a strong odor and the condition of his car seat. Additionally, the DHHR identified prior instances of domestic violence involving petitioner. Most recently, petitioner received supervised visitation in a family court proceeding that ended in January of 2016. According to the individual that supervised those visits, petitioner was frequently under the influence and was either late or failed to appear for many visits. Specifically, this supervisor witnessed petitioner fall asleep while holding the infant.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In April of 2016, the circuit court held a preliminary hearing, during which the guardian requested that the circuit court permit the DHHR to retain custody of the children over concerns as to where K.J. obtained the medication that necessitated his medical treatment. The circuit court found probable cause for the children's removal and ordered they remain in the DHHR's custody.

In May of 2016, the circuit court granted the guardian's motion to require the parents to submit to psychological testing. The following month the circuit court held an adjudicatory hearing, during which it took judicial notice of the records from petitioner's prior domestic violence proceedings. According to the records, petitioner previously threatened to kill the mother. The circuit court also found that petitioner was a drug addict and likely under the influence during the hearing. As such, the circuit court found that petitioner neglected the children by virtue of his substance abuse. The circuit court then granted petitioner a post-adjudicatory improvement period and directed him to submit to a psychological evaluation.

In July of 2016, as part of an ongoing domestic violence proceeding, petitioner tested positive for multiple substances, including amphetamine, methamphetamine, Suboxone, and marijuana. Thereafter, the circuit court held a status hearing, during which it heard evidence that petitioner left rehabilitation against doctor's orders, provided a positive drug screen, and failed to submit to a psychological evaluation as ordered. Additionally, a summary submitted to the circuit court in October of 2016 indicated that petitioner made no attempt to contact his caseworker and that a recent drug screen was positive for Suboxone and marijuana. Thereafter, the DHHR filed a motion to terminate petitioner's parental rights.

In December of 2016, the circuit court held a dispositional hearing. Petitioner did not attend the hearing, though he was represented by counsel. During the hearing, the DHHR presented evidence of petitioner's failure to comply with the terms and conditions of his improvement period. This included his exit from substance abuse treatment against medical advice; failed drug screens; his refusal to be evaluated by a psychologist; and his failure to make himself available for services, among other evidence.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[2]According to the parties, the parents' parental, custodial, and guardianship rights to all the children were either terminated or voluntarily relinquished during the proceedings below. The children have been permanently placed in a foster home with a goal of adoption therein.

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court failed to impose the least restrictive dispositional alternative. According to petitioner, termination of only his custodial and guardianship rights would have constituted the least restrictive dispositional alternative. We do not agree. According to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and that termination is necessary for the children's welfare. Here, the circuit court made the necessary findings, based upon substantial evidence, to support termination of petitioner's parental, custodial, and guardianship rights.

According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child .
> . . .

Petitioner does not argue that he followed through with the reasonable family case plan below. In support of his appeal, petitioner argues only that there was no evidence that his visits with the children did not go well or that the DHHR did not feel that the children were safe during the visits. Petitioner's argument on appeal, however, ignores his almost total lack of compliance with the terms and conditions of his improvement period below. At disposition, the DHHR presented evidence that petitioner failed to follow through with reasonable rehabilitative efforts as set forth in the terms and conditions of his improvement period. This included petitioner's failure to attend substance abuse treatment, submit to a psychological evaluation in order to identify additional remedial services, and otherwise make himself available for services.

Moreover, petitioner readily concedes that "it appears [he] may still be addicted to drugs." More succinctly, the record shows that petitioner is still addicted to drugs, as he failed multiple drug screens during the pendency of the proceedings below. In accordance with West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning . . . .

Petitioner's argument that there was no evidence that the DHHR believed the children were unsafe during supervised visits with him is irrelevant. The fact remains that petitioner was adjudicated for neglecting his children due to his inability to properly care for them because of his substance abuse. Because of petitioner's inability to properly care for the children, the DHHR was required to supervise visits with petitioner instead of permitting him to supervise the children by himself. Moreover, petitioner took no steps to remedy his substance abuse during the proceedings and presented no evidence that his condition improved. As such, it is clear that the circuit court had sufficient evidence upon which to find that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental, custodial, and guardianship rights was necessary for the children's welfare.

We have also held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604]. . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Because the record is clear that the circuit court had ample evidence upon which to base its findings, we find no error in the termination of petitioners' parental, custodial, and guardianship rights to the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 13, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4